THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN JOSÉ CORTÉS MUÑIZ, Defendant and Appellant.

No. CR-65-459.      Decided November 7, 1966.

*P. J. Santiago Lavandero* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for The People.

PER CURIAM: Juan José Cortés Muñiz, accused and convicted of the offense of grand larceny, was sentenced to from one to five years imprisonment in the penitentiary. The trial in this case ended in April 1961.

On appeal he contends that (1-a) the verdict is null because the information is fatally defective and insufficient because it does not charge the offense for which he was prosecuted or any other one for which he could be otherwise prosecuted on the basis of the facts the prosecuting attorney attempted to prove; (1-b) that the determination of probable cause voids the whole proceeding because the evidence on which the case was submitted for the determination of probable cause did not support any accusation for the offense of grand larceny but for that of forgery of credit documents with the intention of defrauding or false pretenses or embezzlement; (1-c) the certification of the prosecuting attorney at the bottom of the information is inaccurate, contrary to reality and erroneous because Exhibit IV shows that "what he investigated and obtained evidence" was rather fraudulent of appropriation (embezzlement) as he himself called it in said Exhibit IV; (2) that the court erred in denying the motion of "arrest of judgment" based on the foregoing grounds, and in denying the allegations entitled "Supplementary Allegations" founded in that: a) it instructed and ordered the jury to take with them all exhibits, including the original confession of the defendant (34 L.P.R.A. § 783), and b) its instructions were invalid because (i) it did not give instructions on the alleged "larceny by trick" charged by the prosecuting attorney in its information (ii) at most what all the evidence could establish was embezzlement (iii) it did not give instructions on the possible offense of petty larceny, inasmuch as there was evidence that none of the

amounts of money Cortés appropriated for himself exceeded $75 (iv) the instruction that "the evidence of one witness alone is sufficient in a case like this" is not valid; (3) the verdict was indeterminate because it did not indicate the exact amount of money taken by Cortés; (4) the information for grand larceny is void because each isolated appropriation constituted a separate offense of petty larceny and because the evidence tended to establish that the money came to the possession of Cortés by legal means; (5) the "corpus delicti" was not established; (6) the court erred in denying the motion for a new trial on the ground that it did not inform or instruct the jury as to when the offense of "larceny by trick" is committed and (7) the court intervened at the trial in a manner gravely adverse and prejudicial to appellant as shown by the record which is self-explanatory.

■ 1.— (a) The first assignment questions, in synthesis, the validity of the verdict because the information does not charge the offense for which Cortés was tried. It alleges that defendant, "illegally, voluntarily and maliciously and with the fraudulent intention of committing larceny and of depriving its owner of its legitimate property, appropriated for himself from the Fairfield Mfg. Co. . . . an amount of money in excess of $100 (about $3,000) . . . ." It is argued that our opinion in *People* v. *Acevedo*, 43 P.R.R. 325 (1932), sustaining an allegation of larceny substantially similar to this is incorrect and that which was alleged at law in the information in this case was an offense of embezzlement. He is not right. Although it is always preferable that the information be written, as far as possible, in the language of the statute (33 L.P.R.A. § 1681), which defines the offense charged therein, we reaffirm the reasoning we set forth in *Acevedo, supra,* and therefore we conclude that the information in question is sufficient and charges Cortés with the commission of the offense of grand larceny. *People* v. *Meléndez*, 64 P.R.R. 785 (1945).

(b) The determination of probable cause which gave rise to the information was undoubtedly based, correctly in our opinion, on the sworn statements of Fritz Marcel Leffman, manager for the Fairfield factory, and of Cortés himself, subscribed by a prosecuting attorney. Mr. Leffman's testimony explains that Cortés prepared the weekly payrolls for the factory based on the attendance punch cards of the employees; that Mr. Leffman revised the cards but not the payrolls; that during the period from January 23, 1957 to April 1958 Cortés included in the payrolls the names of persons not working in the factory and Cortés kept the money corresponding to those persons. Cortés' sworn statement shows that on occasions this withholding exceeded $100 per weekly payroll. On this question we copy below, with our approval, from the Solicitor General's report:

"It is not a question of the offense of forgery [33 L.P.R.A. § 1641] because the defendant did not falsely make, alter, forge or counterfeit any of the instruments mentioned in the statute. The defendant was authorized to prepare and sign a requisition for the preparation of the corresponding check for the weekly payroll. This instrument prepared by him was not intrinsically or on its face fraudulent. The fraud consisted in that he requisitioned an improper sum of money.

"The offense of obtaining money by false representation was not involved either. [33 L.P.R.A. § 1815.] In this offense it is necessary that the owner be induced by means of false pretenses to part with the right of property. Regarding the distinction between this offense and that of larceny Wharton says the following in his book. (2 Wharton, Criminal Law and Procedure, § 509, p. 184.)

'The distinction is fine in many instances. The character and nature of the crime depend on the intention of the parties. The intention of the owner not to part with his property when relinquishing possession is, in this class of cases, the gist and essence of the offense of larceny and the vital point on which the crime hinges and is to be determined. The correct distinction is that if by means of any trick, fraud, or artifice the owner of property is induced to

part with the possession only, still meaning to retain the right of property, the taking by such means, when the requisite felonious intent is present at the time, will amount to larceny, whereas, if the owner parts with not only the possession of the goods but the right of property in them also, the offense of the party obtaining them will not be larceny.'[1]

"In the case at bar the aggrieved party, Fairfield Manufacturing Co., did not part with the right of property to the money when it was delivered to defendant. The latter was commissioned to use the money for a specific purpose, that is, to pay the salaries to the employees and, consequently, he only had a physical control of the money and not even the legal possession thereof.

'What amounts to possession and what to mere custody within the meaning of these rules probably cannot be determined according to any settled formula, and it has been held that one to whom property is delivered by the owner for some limited, special, or temporary purpose may be regarded as having its custody only, and as capable of committing larceny . . . (2 Wharton's, op. cit., § 466 at 107.)

'Since the physical control exercised by an employee over property entrusted to him by his employer is merely custody and not possession, an employee takes the property from his employer's possession, and thereby commits a trespass, when he converts it. . . . Thus, if money is given by the owner to a servant or agent to carry to another, or to exchange, and the servant or agent applies it to his own use, it is larceny.

'When an employee causes his employer to issue checks made payable to a fictitious payee, which checks are then cashed by the employee for his own benefit, he is guilty of larceny in taking and converting the checks.' " (2 Wharton's op. cit., § 468, at 112–113.)

---

[1] To constitute the offense of obtaining money under false pretenses four things must appear by averment and proof; viz., there must be an intent to defraud, actual fraud, false pretenses used for perpetrating the fraud, and the fraud must be accomplished by means of the false pretenses as a cause which induced the owner to part with the property. *People* v. *Flores*, 33 P.R.R. 764 (1924); *People* v. *Ferrer*, 43 P.R.R. 945, 946 (1932); *People* v. *Olmeda*, 66 P.R.R. 170, 173 (1946).

(c) The fact that in Cortés' testimony the prosecuting attorney appears telling the former that he is investigating an embezzlement in the factory in question does not justify the conclusion that the prosecuting attorney's certification at the bottom of the information is inaccurate and erroneous. The explanation is obvious. The prosecuting attorney began his investigation in the belief that it was an embezzlement, but the facts disclosed by the testimonies made him conclude that the offense Cortés should be charged with was that of grand larceny.

■ 2.—It is alleged that the error committed by the trial judge upon ordering the jury to take along appellant's confessions while deliberating, together with the other errors committed, merits the reversal of the judgment in this case.

The record shows that on finishing his instructions to the jury the trial judge said that "Here you have a verdict blank form, copy of the information and all the exhibits presented in this case." Presumably the two confessions were part of that group of exhibits. That error, nevertheless, was not prejudicial to appellant inasmuch as he testified extensively on the same particulars included in these confessions. Furthermore, there was another abundant and sufficient evidence of fact on the basis of which the jury was in a justifiable position to enter a verdict of guilt. *People* v. *Santos*, 87 P.R.R. 593 (1963); *People* v. *Ramos*, 84 P.R.R. 542, 551 (1962).

■ 3.—The error assigned alleging that the instructions were not valid because there was no reason at law to instruct the jury on larceny by trick as appellant alleges he was charged with in the information lacks merit. Such accusation was not made. Likewise, it is not correct that the most the evidence could establish was an embezzlement. On the contrary, appellant himself testified that he included names of persons in the payroll of said factory during the weeks they did not work and it was so confirmed by checking

the payrolls with the attendance cards. There was evidence that appellant kept for himself, and never reimbursed, the money he put in the pay envelopes corresponding to the persons he included in the payroll and who did not work. There was evidence that in some weeks appellant kept more than $100 in this manner against the will of the Fairfield Manufacturing Co., which was its owner and that in the period from March 1957 to February 1958 the money taken by appellant amounted to more than $3,000. There was no reason, therefore, to charge the jury on the offense of petty larceny or on that of embezzlement. *People* v. *Rodríguez Sosa*, 89 P.R.R. 807 (1964); *People* v. *Andrade González*, 88 P.R.R. 845 (1963); *People* v. *Rosario*, 80 P.R.R. 604, 609 (1958); *People* v. *Landrau*, 78 P.R.R. 264, 266 (1955).[2] *Cf. People* v. *Torres*, judgment of November 7, 1966.

■ We need not discuss the other errors assigned inasmuch as they refer to questions previously mentioned and discussed, and others which, although assigned, are not argued or explained in appellant's brief. Nevertheless, we wish to set forth specifically that the study we have made of the bulky record of the hearings in this case does not show that the trial judge intervened in any occasion in a manner adverse and prejudicial to appellant. On the contrary, it shows that said judge conducted the proceeding with moderation and absolute impartiality.

For the reasons stated the judgment entered in this case by the Superior Court, San Juan Part, on July 12, 1962 will be affirmed.

Mr. Justice Santana Becerra concurs in the result.

---

[2] In *People* v. *Landrau, supra,* we said:

"The difference between larceny and embezzlement lies in the way the offender obtains the property, object of the unlawful appropriation to his own use. When he comes lawfully into the possession of the property, the unlawful appropriation by him is embezzlement. When the accused has only the custody of the property and by means of that custody illegally acquires its possession, the felonious appropriation of the same constitutes the crime of larceny."